■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MOYE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 28, 1986, convicting him of sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's attempt to question the defense witness on cross-examination with respect to apologies purportedly made by members of the defendant's family to the victim did not deprive the defendant of a fair trial. In view of the immediate curative instructions provided by the court and the over-

whelming evidence of guilt, there is virtually no possibility that the defendant would have been acquitted had the question not been asked (see, People v Roopchand, 65 NY2d 837, affg 107 AD2d 35).

The defendant's pro se claim that the court impermissibly amended the indictment in charging that lack of consent had to be proven along with forcible compulsion with respect to the crimes of rape in the first degree and sodomy in the first degree is unpreserved for appellate review (see, CPL 470.05 [2]). The claim is, in any event, without merit. Since the defendant was charged with rape and sodomy by forcible compulsion, he was, by statutory definition, charged with having acted without the consent of the victim (see, Penal Law § 130.05 [1]).

Nor was the sentence imposed excessive (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.